UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| KENNETH R. EVANS, | ) | NO. CV-11-0210-LRS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | ORDER OF CONDITIONAL, PARTIAL |
| | ) | STAY |
| | ) | |
| BANK OF NEW YORK MELLON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

BEFORE THE COURT, at the telephonic motions hearing on August 2, 2011, are the following motions: Defendants' Motion to Dismiss, ECF No. 4 and Plaintiff's Motion for Preliminary Injunction To Restrain Trustee's Sale, ECF No. 12. Plaintiff was represented by Emanuel Jacobowitz and Defendants were represented by Abraham Lorber. This order is entered to supplement the record and confirm the oral ruling of the Court rendered at the conclusion of the oral argument on August 2, 2011 in Yakima.

Defendants argued that the case should be dismissed and Plaintiff argued that the trustee's sale, scheduled for August 9, 2011, should be restrained based on an allegedly defective notice of default and sale, and the Defendants alleged breach of the loan modification contract. Based on the status of a very similar issue, which is currently a certified question to the Washington Supreme Court, this ORDER

Court finds that a temporary, partial stay would be most judicially efficient. The questions before the highest state court are: 1) Whether Mortgage Electronic Registration Systems, Inc. ("MERS") is a lawful "beneficiary" within the terms of Washington's Deed of Trust Act, Revised Code of Washington section 61.24.005(2), if it never held the promissory note secured by the deed of trust? 2) If so, what is the legal effect of MERS acting as an unlawful beneficiary under the terms of Washington's Deed of Trust Act? 3) Does a homeowner possess a cause of action under Washington's Consumer Protection Act against MERS if MERS acts as an unlawful beneficiary under the Act?[1] The parties concurred that a partial stay would be reasonable given the posture of Plaintiff's claims and the effect that the outcome of the certified questions may have on the instant case.

Accordingly,

**IT IS HEREBY ORDERED:**

1. This case is stayed until further order of the Court based upon Plaintiff paying into the court registry monthly mortgage payments based on and without prejudice, the alleged post-loan modification monthly contract amount of $2,469.86 (representing principle and interest), plus applicable taxes and insurance for the months of June, July, August and each month thereafter while this matter remains. The final monthly mortgage payment will be determined at the scheduled telephonic status conference **SET** for **August 24, 2011 at 2:30 p.m. However, nothing set forth herein shall preclude the**

---

[1] See "Order Certifying Question To the Washington Supreme Court," ECF No. 159 in Bain v. Metropolitan Mortgage Group, Inc., Case 2:09-CV-0149-JCC.

ORDER

**renoting of pending motions in the absence or inability of the parties, or either of them, to comply with the terms hereof.**

    2.  In preparation for the telephonic status conference on August 24, 2011, the parties shall prepare and filed a joint status report, or separate reports if more feasible, on or before **August 19, 2011,** outlining the following topics:

    a.  Which claims/issues are not subject to the stay?

    b.  What discovery may proceed during the stay?

    c.  What is the final mortgage payment, based on the alleged post-loan modification contract amount with applicable taxes and insurance?

    3.  Defendants' Motion to Dismiss, ECF No. 4, is **RESERVED** until further order of the Court lifting the stay.

    4.  Plaintiff's Motion for Preliminary Injunction Restraining the Trustee Sale, **ECF No. 12,** is **DENIED as MOOT,** based on Defense counsel's oral stipulation to cancel the Trustee's Sale scheduled on August 9, 2011.

    **IT IS ORDERED** that the District Court Executive is directed to enter this Order and forward a copy to counsel.

    **DATED** this 3rd day of August, 2011.

                                                      *s/Lonny R. Suko*

                                                      LONNY R. SUKO
                                      UNITED STATES DISTRICT JUDGE

ORDER