UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KENNETH R. EVANS,<br>　　　　Plaintiff,<br><br>　-vs-<br><br>BANK OF NEW YORK MELLON, et al.,<br>　　　　Defendants. | NO. CV-11-0210-LRS<br><br>ORDER GRANTING MOTION TO DISMISS IN PART |

On August 23, 2011, the Court held a telephonic status conference pursuant to the Order of Conditional, Partial Stay (ECF No. 25) entered on August 3, 2011. Plaintiff was represented by Emanuel Jacobowitz and Defendants were represented by Abraham Lorber. The status conference was held to discuss which claims/issues were not subject to the stay; what discovery may proceed during the stay; and what the final mortgage payment should be based on the parties' joint status report prepared pursuant to the Court's August 3rd Order.

The Court finds, and the parties so stipulate based on their joint status report, that Plaintiff's claims for injunctive relief and declaratory relief with respect to the effect of the loan modification agreement and whether the notice of sale was effective are not subject to the stay and may be decided without further briefing or argument. The parties confirmed their request to have the Court decide all non-MERS[1] issues presented in Defendants' Motion to Dismiss Complaint (ECF No. 4).

///

///

---

[1] Mortgage Electronic Registration Systems, Inc.

ORDER-1

# I. SUMMARY OF FACTS

Plaintiff, Kenneth Evens, obtained a mortgage loan in the form of an Adjustable Rate Note for $397,500.00 on December 13, 2006. The loan had an initial interest rate of 7.5% and monthly payment of $2779.38, which could not increase beyond 9% before January 1, 2009 and could not increase at a rate greater than 1.5% per 6 months thereafter. On the same day, he signed a Deed of Trust (DOT) securing the loan to the property.  The DOT identifies Mr. Evans as the "Borrower," LandSafe Title of Washington as the "Trustee," Contrywide Home Loans as the "Lender" and Mortgage Electronic Registration Systems, Inc. (MERS) as the "Beneficiary". The loan lists only Mr. Evans and Countrywide as parties, as "Note Holder" and "Lender" respectively. On October 8, 2008 ReconTrust was appointed as the successor under the DOT. On May 17, 2010, MERS assigned all beneficial interest under the DOT to Bank of New York Mellon.

Mr. Evans stopped making his mortgage payments sometime in 2008, though he alleges that he was never without the means to pay. Mr. Evens alleges he was contacted by a representative of Countrywide late in 2008 and subsequently received a written offer and Loan Modification Agreement in December of 2009. The terms of the agreement would have reduced his monthly payment from $2779.38 to $2469.86, fixed his interest rate at 5.75%, and rolled his amount past due  into the principle of the modified loan. He alleges that he signed and returned the agreement along with required income verification documents. Plaintiff alleges that the agreement bound Countrywide to modify his loan provided that he was approved, that he had sufficient income and should have been approved, and that he heard nothing further from Countrywide or any other bank regarding the modification offer. Mr. Evans's allegations regarding the loan, DOT, offer to modify the loan, and loan modification agreement, are factually supported by the documents in the record, with the exception that there is no independent evidence that Mr. Evans signed and returned the Modification agreement with required documentation.

Mr. Evans alleges his next contact with a lender regarding his mortgage came several months later in the form of an invoice from Bank of America Home Loans informing him that his monthly payment had gone up to $3675.19, that his account balance was $392,455.37, his interest rate was 9%, and that he was $44,608.12 past due. Mr. Evans received a Notice of Trustee's Sale by Recontrust sometime in

ORDER-2

February 2011. Mr. Evans alleges that this notice was not signed or notarized, and was dated November 8, 2008. Defendants' assert the notice was signed and notarized, dated January 31, 2011, and recorded February 2, 2011. The Notice of Trustee's Sale documents attached by the parties reflect this conflict. See ECF No. 7 at p. 31; ECF No. 10 at p. 49. The notice states that Mr. Evans's payments were $111,622.00 in arrears, and set a date for sale of May 6, 2011. The date of sale was moved to August 9, 2011, and eventually cancelled or place on hold, while the Washington Supreme Court addresses the certified question as to whether MERS is a lawful beneficiary within the terms of Washington's Deed of Trust Act.

## II. FED. R. CIV. P 12 (b)(6) MOTION TO DISMISS

A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In reviewing a 12(b)(6) motion, the court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from such allegations. *Mendocino Environmental Center v. Mendocino County*, 14 F.3d 457, 460 (9th Cir. 1994); *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The complaint must be construed in the light most favorable to the plaintiff. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___ , 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)).The sole issue raised by a 12(b)(6) motion is whether the facts pleaded, if established, would support a claim for relief; no matter how improbable the facts alleged are, they must be accepted as true for purposes of the motion. *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S.Ct. 1827 (1989). The court need not, however, accept as true conclusory allegations or legal characterizations, nor need it accept unreasonable inferences or unwarranted deductions of fact. *In re Stac Electronics Securities Litigation*, 89 F.3d 1399, 1403 (9th Cir. 1996). A plaintiff must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice. *Bell Atl. Corp*, 550 U.S. at 555-

ORDER-3

556. "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Id*.

### III.  DISCUSSION

On August 3, 2011 the Court issued a stay in light of the following issues, which have been certified to the Washington Supreme Court by Judge Coughenour in the Western District of Washington: 1) whether Mortgage Electronic Registration Systems, Inc. ("MERS") is a lawful "beneficiary" within the terms of Washington's Deed of Trust Act, Revised Code of Washington section 61.24.005(2), if it never held the promissory note secured by the deed of trust, 2) if so, what is the legal effect of MERS acting as an unlawful beneficiary under the terms of Washington's Deed of Trust Act, and 3) does a homeowner possess a cause of action under Washington's Consumer Protection Act against MERS if MERS acts as an unlawful beneficiary under the Act? See "Order Certifying Question To the Washington Supreme Court,"ECF No. 159 in *Bain v. Metropolitan Mortgage Group, Inc.*, Case 2:09-CV-0149-JCC. The resolution of those issues will impact Mr. Evans's Consumer Protection Act claims and portions of his injunctive relief and declaratory relief claims. All of Plaintiff's other claims will not be impacted by the Supreme Court's decision on the MERS issues and are not subject to the stay.

Each of the claims not subject to the stay must be dismissed.  A breach of contract claim requires the plaintiff to show that there was an enforceable contract creating a duty in the defendant, that the contract was breached by the defendant, and that the plaintiff was harmed as a result. Mr. Evans has made sufficient factual allegations to support the existence of a contract and a possible breach by Countrywide, but because he never complied with his duty under the contract, he was also in breach and the contract is not enforceable. Where an enforceable contract may not exist, a plaintiff nevertheless may seek relief under promissory estoppel if the plaintiff can show he reasonably relied to his detriment on a promise made by the defendant. Mr. Evans has not shown that he relied to his detriment on any promise made. The modification agreement was never effective, so Mr. Evans remained in default and the October 2008 notice of default remained sufficient. There are no grounds for injunctive or declaratory relief on the basis

ORDER-4

of contract or promissory estoppel claims, or on the basis that notice of sale or notice of default were ineffective.

    *A.    Breach of Contract and Promissory Estoppel*

    To prevail on a contract claim, a plaintiff must show that a valid contract existed, the defendant owed the plaintiff a duty under the contract, and that the duty was breached. *Fidelity & Deposity Co. of Mar. v. Dally*, 148 Wn. App. 739, 145, 201 P.3d 1040 (2009). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must, therefore, state a plausible claim that those elements are met. Here, Mr. Evans alleges that by returning the signed loan modification agreement with requested documentation, he entered into a contract with Countrywide that bound Countrywide to modify the loan and not to initiate foreclosure while determining his eligibility for modification. Compl. ¶ 32-37.[2] Plaintiff further alleges that Countrywide breached this contract by failing to verify his eligibility or failing to modify the loan, and by initiating foreclosure proceedings. Compl. ¶ 38-43, 72-77.

    A valid contract requires mutual assent, offer, acceptance, and consideration. *In re Marriage of Obaidi and Qayoum*, 154 Wash.App. 609, 226 P.3d 787 (Div. 3, 2010). Mutual assent is ordinarily a question of fact. *Hoglund v. Meeks*, 139 Wn.App. 854, 817 (2007). "An offer is the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." Rest. 2d Contr. § 24 (1981); *see Pacific Cascade Corp. v. Nimmer*, 25 Wash.App. 552, 556, 608 P.2d 266 (1980). A condition on an offer does not change the offer into an invitation to deal or a preliminary negotiation if the contract is otherwise complete and there is nothing left to negotiate. Consideration is a bargained for return promise or performance. Performance may consist of any act other than a promise, or forbearance, or the creation, modification, or destruction of a legal relationship. *Labriola v. Pollard Group, Inc.*, 152 Wash.2d 828, 833, 100 P.3d 791 (2004).

    Even assuming the truth of Mr. Evans's factual allegations and supporting documents, he has not sufficiently stated a claim for breach of contract. A contract was plausibly formed if Mr. Evans, as he

---

    [2] The Complaint is found at ECF No. 2, Exh. 5. For ease of reference, the complaint is cited in this document as Complaint ¶.

ORDER-5

claims, signed and returned the loan modification agreement along with supporting documents. The terms of the contract suggest that manifestation of assent may have been completed simply by returning the signed agreement with required documentation. The contract does, on its face, also establish a duty on the part of Countrywide to modify the loan or to verify Mr. Evans's eligibility and modify the loan if he is eligible. Mr. Evans's factual allegations provide support for his claim that Countrywide may have breached the modification agreement by not modifying the loan or verifying his eligibility. Compl. ¶ 38-40. Where the problem arises for Mr. Evans, is that the agreement also created a duty for him to begin making the modified loan payments beginning in February 2009. ECF No. 18 at p. 5. "'A material failure by one party gives the other party the right to withold further performance as a means of securing his expectation of an exchange of performance.'" *Bailie Communications, Ltd. v. Trend Business Systems*, 53 Wash. App. 77, 81, 765 P.2d 339 (1988) (quoting Restatement (Second) of Contracts § 241, Coment e (1981)). Because Mr. Evans did not begin making his payments as agreed, Countrywide was relieved from any obligation the modification agreement placed on it. Further, Mr. Evans has alleged no real injury-- he has not made a single payment since signing the modification agreement.

      Mr. Evans's allegations do not support a plausible promissory estoppel claim. Promissory estoppel may allow recovery even where consideration is lacking. A claim under promissory estoppel requires a plaintiff establish: "(1) A promise which (2) the promisor should reasonably expect to cause the promisee to change his position and (3) which does cause the promisee to change his position (4) justifiably relying upon the promise, in such a manner that (5) injustice can be avoided only by enforcement of the promise." *Corbit v. J.I. Case Co.*, 70 Wn.2d 522, 539, 424 P.2d 290 (1967). Mr. Evans has not shown that he relied to his detriment on any promise made by Defendants. The contract provided that Plaintiff's loan would be modified if he signed and returned the agreement and his ability to pay was verified. Plaintiff alleges that Countrywide intended to and did induce him to rely on this promise by awaiting approval rather than paying any delinquency. Compl. ¶ 73. Reliance on the promise would have required Mr. Evans to take some action by making payments in what he believed was the agreed to amount; instead, he just continued in his accustomed course of making no payments whatsoever on the debt he had incurred.

ORDER-6

### B. Injunctive Relief

Based on the foregoing discussion, injunctive relief on the basis of breach of contract or promissory estoppel must be denied. Mr. Evans claim that notice of default and notice of trustee's sale were ineffective is also not plausible. A borrower must be provided written notice of default at least 30 days before notice of trustee's sale is recorded. RCW 61.24.030 (8) (2011). Mr. Evans's factual allegations do suggest that there may have been no notice of default since before the alleged loan modification agreement. Because plaintiff never made any payments, however, this agreement was never effectuated and he remained in default. The initial notice of default was sufficient. Mr. Evans further alleges, and Defendants dispute, that the notice of sale was not properly dated or notarized. Even if accepted as true, this minor clerical error does not justify the extraordinary remedy of an injunction to prevent a foreclosure sale where the Plaintiff has not made a payment in three years and was in fact timely notified of the sale.

### C. Declaratory Relief

Mr. Evans's claims for declaratory relief, not relating to the MERS issue, are not factually supported by the pleadings and must be denied. All of Mr. Evans's declaratory relief claims relate to his claims of breach of contract, promissory estoppel, or injunctive relief: effectiveness of the notice of sale; enforceability of the loan modification agreement. Countrywide was released from any obligation to abide by the loan modification when Mr. Evans breached. Because the modification is not enforceable, it does not prevent Countrywide or any successor or assignee from pursuing foreclosure, nor require Countrywide to verify Mr. Evans's eligibility for modification.

### D. Leave to Amend

Fed. R. Civ. P. 15 (a)(2) provides that "[t]he court should freely give leave when justice so requires." This rule should be interpreted and applied with "extreme liberality." *E.g., Morango Band of Mission Indians v. Rose* 893 F. 2d 1074, 1079 (9th Cir. 1990). A court should consider five factors in assessing the propriety of a motion to amend a complaint: "(1) bad faith, (2) undue delay, (3) prejudiced

ORDER-7

to the opposing party (4) futility of amendment, and (5) whether the plaintiff has previously amended its complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) (citing *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)). All inferences should, however, be made in favor of granting the motion. *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Leave to amend here would be futile. An amendment may be futile where a court has already ruled against a party on a particular claim and that party seeks to amend only to reassert the same claim. *Nunes*, 375 F.3d at 808-09. It is also unnecessary for a court to grant leave to amend a complaint before dismissing a case when no amendment could cure the defect. *Bell v. City of Kellogg*, 922 F.2d 1418,1425 (9th Cir. 1991). With respect to each of Mr. Evans's claims, all of the relevant facts are already in the record, and no amendment could cure the defects in the breach of contract, promissory estoppel, or Consumer Protection Act claims.

## IV. CONCLUSION

Mr. Evans's claims for breach of contract and promissory estoppel, and the portions of his injunctive relief and declaratory relief claims not relating to MERS are not subject to the stay and must be dismissed with prejudice. Though a contract may have been formed if Mr. Evans, as he alleges, signed and returned the modification agreement in late 2008, Mr. Evans was immediately in breach of that contract by failing to make any payments. Thus, the agreement is not enforceable against Countrywide. Mr. Evans similarly did not rely to his detriment on any promise made by Defendants, he instead made no payments at all. Finally, because the modification agreement was never actually in place, Mr. Evans remained in default, and the October 2008 notice of default remained effective, no subsequent notice was required. Accordingly,

**IT IS HEREBY ORDERED:**

1. Defendants BAC Home Loans Servicing, L.P.  f//k/a Countrywide Home Loans Servicing, L.P., ReconTrust Company, N.A.'s (collectively, "Defendants") Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6), **ECF No. 4**, is **GRANTED in part**, and **RESERVED in part**:

ORDER-8

a. Plaintiff's causes of action for Breach of Contract and Promissory Estoppel are dismissed with prejudice in their entirety.

b. Plaintiff's causes of action for Declaratory Relief and Injunctive relief are dismissed with the exception of those allegations made in paragraphs 61 - 62 and 66 of the complaint, which are stayed pending the Washington State Supreme Court's decision in *Bain v. Metropolitan Mortgage Group, Inc*.

**IT IS ORDERED** that the District Court Executive is directed to enter this Order and forward a copy to counsel.

**DATED** this 8th day of September, 2011.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER-9